### MOROSS v. OAKMAN.

Cancellation of Instruments—Deeds—Fraud—Laches.
   Bill to set aside deed on ground of fraud was properly dismissed, where it contained confession of delayed action for many years without excuse in avoidance of consequences.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 14, 1933. (Docket No. 9, Calendar No. 36,967.) Decided May 16, 1933.

Bill by Trefle A. Moross against Robert Oakman and another to set aside a deed. Bill dismissed. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Edward N. Barnard,* for defendant.

WIEST, J. Plaintiff and defendant Mamie R. Oakman are brother and sister. Their father, Joseph H. Moross, died in 1890 and they and others, under his will, became tenants in common of certain real estate. Plaintiff claims that in November, 1909, because of false and fraudulent representations made by defendants, relative to the estate and the condition of and obligations upon the old homestead and property at the northwest corner of Adelaide and John R. streets in the city of Detroit, he was induced to convey his interest in common therein to Herman Nagel who, in turn, conveyed to defendant Robert Oakman. Plaintiff claims that, since 1897, he has been a nonresident of this State and but lately learned of the falsity of the representations.

He filed the bill herein on October 14, 1930, to have the deed to Nagel set aside and his interest in the property restored. The court on motion of defendants dismissed the bill for want of averments excusing laches.

Plaintiff, on review by appeal, claims that averments in the bill excused his delay in bringing suit.

Accepting as true every statement in the amended bill no valid excuse for the delay is shown. In the bill plaintiff alleged that, after the deed, he made periodical visits to Detroit of not to exceed three days each, except in 1913, when he was there two months, and, at that time, he endeavored to ascertain the facts as to his father's estate, but, by reason of his inexperience and the state of records, it was impossible for him to ascertain the assets and liabilities of the estate and disposition thereof.

"That after 1913 plaintiff continued to make periodical visits to Detroit of not to exceed three days each and from time to time was besought by

defendant Mamie R. Oakman and by his mother, not to file any claim asserting an interest in said property; and that plaintiff, out of consideration for his family yielded to said entreaties and did refrain from further attempting to investigate the facts with reference to his father's estate and then determined to refrain from prosecuting his claims thereto.''

This is a confession of delayed action without excuse in avoidance of consequences. Plaintiff's claim of fraud is stale; he has slept on his alleged rights for many years, even when troubled in such sleep by suspicion of the claimed fraud. Reasonable promptness was required and was not exercised. He has stated himself out of court by revealing his determination to refrain from prosecuting his claim. Plaintiff was well aware in 1913 that, if he cared to do so, he could make investigation, and had he then given the matter the attention he later applied he would have discovered all he now alleges.

As said by the circuit judge:

''There is no claim in the bill of complaint that defendants, nor anyone else, had made any promise or used any artifice to preclude plaintiff from making such investigation as he might desire as early as the year 1913.''

The decree dismissing the bill is affirmed, with costs to defendants.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.