SCHLAACK *v.* CORNETET.

1. EXECUTORS AND ADMINISTRATORS—PARTIES—SETTING ASIDE DEED OF DECEASED GRANTOR.

   Where plaintiff, administratrix of her deceased mother's estate, makes no showing that recapture of title to real estate involved is necessary to pay debts of deceased, expenses of administration or legacy, case is disposed of on the basis that her suit to set aside deceased's deed of her home to her late daughter's husband was inspired by fact that plaintiff was an heir-at-law of deceased.

2. DEEDS—LACHES—IMPROVEMENTS UPON HOUSE BY DEFENDANT.

   Plaintiff who sought to set deed aside some 8½ years after it had been recorded and after defendant grantee had been in possession and made improvements upon house located thereon *held*, guilty of laches.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 16, 1947. (Docket No. 29, Calendar No. 43,809.) Decided January 5, 1948.

Bill by Ella M. Schlaack, administratrix of estate of Livonia M. Kilmer, deceased, against Wilfred Cornetet to set aside a deed to real estate. Decree for defendant. Plaintiff appeals. Affirmed.

*Norman R. Barnard* (*Roscoe R. Martin,* of counsel), for plaintiff.

*Maurice F. Cole,* for defendant.

REID, J. Plaintiff, as administratrix of the estate of Livonia M. Kilmer, her mother, filed her bill to set aside a deed to real estate, by which the deceased deeded her house and adjacent lands to the defendant Cornetet, the son-in-law of the decedent grantor. Plaintiff claims the deed was never delivered to de-

fendant by the decedent in her lifetime but that if there was delivery, there was also a conspiracy between the deceased and the defendant to deprive the heirs-at-law of the deceased of their right in the property involved. Defendant claims that the deed was delivered to him by the grantor in her lifetime and that the administratrix is guilty of laches as to the time of commencement of suit.

Defendant has lived for 20 or 25 years at the premises in question. He first came to live there during the lifetime of his first wife, the daughter of the deceased. After his first wife died, he had been remarried and later divorced from his second wife and he was still living on the premises in question at 400 Sixteen Mile road, Big Beaver, at the time of the execution of the deed in question.

On the date of the deed, August 21, 1937, the deceased, Mrs. Kilmer, went to the office of Mr. Grow, a real estate operator at Royal Oak, and on her request the deed in question was prepared in the office of Mr. Grow. It was witnessed by Mr. Grow and a Mr. Hodges at that office and acknowledged before Mr. Grow as notary public. After the execution of the deed deceased brought the deed back to her house.

Defendant claims that when he came back from his work on that day she told him that she had something for him and gave him the envelope with the deed in it, and thereupon he said to her, "Put it back where you got it in the dresser." She thereupon put it back in the dresser drawer in the bedroom, the same drawer in which he kept some insurance papers.

Defendant and decedent continued to live at the premises in question covered by the deed until the death of Mrs. Kilmer on November 29, 1937.

In the statement of questions involved in this case, no point is made of the proposition that plain-

tiff, as administratrix, makes no showing in the bill of complaint or in the testimony that the recapture of the title to the real estate involved in this litigation is necessary to pay debts of deceased, expenses of administration or legacy. However, the administratrix is also an heir-at-law of deceased and would have an interest in such recapture of the title to the real estate. We presume her suit as administratrix is inspired by her interest as heir and we proceed to dispose of the case accordingly.

It is not necessary to consider the dispute over the delivery of the deed because of our finding of laches, which finding disposes of the entire litigation.

Shortly after the death of the grantor, Mrs. Kilmer, there were some personal differences between defendant and Mrs. Schlaack, plaintiff, over Mrs. Schlaack's expressed intention to take the furniture and divide it, and also about the funeral bill. Following that dispute and several years before the filing of the bill, Mrs. Schlaack consulted with a Mr. Losey over the possibility of setting the deed aside. During the period following the putting of the deed on record, December 8, 1937, and the filing of the bill, eight and a half years, defendant remained in possession of the house and property in question, and made further improvements upon it. We concur in the finding by the trial court of laches because of great lapse of time with resulting prejudice to defendant.

The decree appealed from is affirmed, with costs to defendant.

BUSHNELL, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred with REID, J. SHARPE, J., concurred in the result.