NORBUTT v. KOSTYK.

1. EQUITY—SETTING ASIDE SALE OF DECEDENT'S REALTY—NOTICE TO CREDITORS.

Bill by administrator of claimant's estate and his widow against transferee of debtor's estate to set aside deed of real estate averring that administrator of latter estate relied solely on notice by publication without ever sending actual notice to plaintiff's decedent or to the administrator of the claimant's estate, although the actual addresses of the latter were known by the debtor's administrator, and that plaintiffs were ready, willing and able to pay more for the property than it had been sold for to defendant, failed to state a cause of action in either plaintiff, where it failed to state there were insufficient assets in the debtor's estate to pay all or any claims or that the property was sold for less than its market value, or that plaintiffs suffered actual prejudice, as the plaintiffs had only the same right to purchase such real estate as the public generally.

2. SAME—LACHES.

Bill to set aside sale of real estate by the administrator of a debtor's estate filed some 9 years after plaintiffs knew of the sale without allegations justifying such delay ought to be dismissed for laches.

Appeal from Berrien; Westin (Edward A.), J. Submitted January 6, 1956. (Docket No. 41, Calendar No. 46,316.) Decided April 2, 1956.

Bill by Joe Norbutt, administrator of the estate of Victor Novicki, deceased, and Anna Novicki against Tillie Kostyk to set aside deed. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur, Executors and Administrators §§ 590, 638, 645.
[2] 21 Am Jur, Executors and Administrators § 642.

*John L. Crow* and *Angela Mohar,* for plaintiffs.

*Harvey & Fisher,* for defendant.

DETHMERS, C. J.   Plaintiffs' bill of complaint, filed in 1951, alleges that in 1937 the claim of their decedent was allowed against the estate of Kasimer Rakowski, deceased; that plaintiffs' decedent died in 1941 and plaintiffs are, respectively, the administrator of his estate and his widow and sole beneficiary; that at all times the administrator of the Rakowski estate knew of said claim and the actual address of plaintiffs' decedent in his lifetime and thereafter of the administrator of his estate; that, nonetheless, the administrator of the Rakowski estate, in carrying on all the proceedings in that estate, relied solely on notice by publication without ever sending actual notice to plaintiffs' decedent or the administrator of his estate; that in 1942 real estate of the Rakowski estate was sold to defendant without plaintiffs having actual knowledge thereof at the time; that plaintiffs then were ready, willing and able to purchase the real estate at a sum in excess of the amount defendant paid; that, ever since, plaintiff widow has attempted to assert her rights to said property through numerous attorneys; that, because of the alleged facts, as above stated, the probate court had been without jurisdiction to order or confirm the sale, plaintiffs had been deprived of their rights in the real estate without due process of law, and, in consequence, the conveyance to defendant was void.   The bill prays that the deed to defendant be set aside and the property restored to the Rakowski estate.

On defendant's motion the bill of complaint was dismissed for lack of equity and failure to state a cause of action.   Plaintiffs appeal.

Plaintiffs urge that we determine the constitutional question, cite as controlling *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 US 306 (70 S Ct 652; 94 L ed 865), and contend that its rationale, applied to the facts at bar, requires us to hold that notice by publication here did not comport with the due process requirement of the 14th Amendment to the Constitution of the United States and, hence, that the conveyance to defendant was void.

Plaintiffs' bill does not allege that there were insufficient funds or assets in the Rakowski estate to pay all claims, nor that the claim of plaintiffs' decedent remained in any part unpaid, nor that the real estate was sold for less than its fair market value or than might have been obtained from purchasers other than plaintiffs, nor that the sale resulted in diminution of the amount realized on plaintiffs' claim, nor that the amount paid on it was less than it would have been had the sale followed actual notice to plaintiffs, nor the respect in which plaintiffs' rights were prejudiced by the sale or their lack of notice, except to say that plaintiffs would have paid more. Plaintiffs had no right other than that of the public generally to purchase the premises. If they had purchased it at a higher price and thus occasioned a larger payment on their claim, that would have amounted merely to a payment of the excess by themselves to themselves, a hollow gain indeed. The bill fails to allege facts, as distinguished from conclusions, importing any equities in plaintiffs or prejudice to their rights with respect to the claim or to state a cause of action.

The bill alleges that for 9 years plaintiffs knew of the sale and attempted to assert their rights in the property before bringing this suit. The bill is devoid of allegations justifying the 9-year delay. Whatever accretions to the value of the real estate may have inured to defendant's benefit because of a

rising economic tide during those 9 years or whatever profits might otherwise have accrued to her by investment of a like sum in other property would be denied her by granting plaintiffs the relief prayed. If the bill had stated grounds for equitable relief, it ought, nevertheless, to be dismissed for laches. *Moross* v. *Oakman,* 263 Mich 269; *Schlaack* v. *Cornetet,* 319 Mich 544.

Affirmed, with costs to defendant.

SHARPE, SMITH, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.